## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID KAUFMANN,<br><br>        Plaintiff,<br><br>    v.<br><br>SOUTH JERSEY INDUSTRIES, INC., SARAH M. BARPOULIS, VICTOR A. FORTKIEWICZ, SHEILA HARTNETT-DEVLIN, G. EDISON HOLLAND, JR., SUNITA HOLZER, KEVIN M. O'DOWD, CHRISTOPHER J. PALADINO, MICHAEL J. RENNA, JOSEPH M. RIGBY, and FRANK L. SIMS,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff David Kaufmann ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE AND SUMMARY OF THE ACTION

1.  Plaintiff brings this action against South Jersey Industries, Inc. ("SJI" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which the Company will be acquired by Infrastructure Investments Fund ("IIF") through NJ Boardwalk Holdings LLC ("Parent") and

Parent's wholly owned subsidiary, Boardwalk Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").[1]

2.      On February 24, 2022, SJI and IIF jointly announced, *inter alia,* their entry into an Agreement and Plan of Merger dated the preceding day (the "Merger Agreement").  The Merger Agreement provides that Company stockholders will receive $36.00 in cash per share of SJI stock they own.[2]

3.      On April 11, 2022, the Company filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that SJI stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[1] Non-party IIF is an approximately $20 billion private investment vehicle focused on investing in critical infrastructure assets.  Non-party Parent is a Delaware limited liability company and an affiliate of IIF.  Non-party Merger Sub is a New Jersey corporation and a wholly owned subsidiary of Parent.

[2] The approximate value of the Proposed Transaction is $8.1 billion.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because the Company's common stock trades on the New York Stock Exchange, which is headquartered in this District.

**THE PARTIES**

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of SJI.

10.     Defendant SJI is a New Jersey corporation, with its principal executive offices located at 1 South Jersey Plaza, Folsom, New Jersey 08037.  SJI is an energy infrastructure holding company that delivers energy services to customers through two primary subsidiaries: SJI Utilities, Inc. and SJI Energy Enterprises, Inc.  SJI's common stock trades on the New York Stock Exchange under the ticker symbol "SJI."

11.     Defendant Sarah M. Barpoulis is and has been a director of the Company at all relevant times.

12.     Defendant Victor A. Fortkiewicz is and has been a director of the Company at all relevant times.

13.     Defendant Sheila Hartnett-Devlin is and has been a director of the Company at all relevant times.

14.     Defendant G. Edison Holland, Jr. is and has been a director of the Company at all relevant times.

15.     Defendant Sunita Holzer is and has been a director of the Company at all relevant times.

16.     Defendant Kevin M. O'Dowd is and has been a director of the Company at all relevant times.

17.     Defendant Christopher J. Paladino is and has been a director of the Company at all relevant times.

18.     Defendant Michael J. Renna is Chief Executive Officer and President of the Company and has been a director of the Company at all relevant times.

19.     Defendant Joseph M. Rigby is and has been Chairman of the Board and a director of the Company at all relevant times.

20.     Defendant Frank L. Sims is and has been a director of the Company at all relevant times.

21.     Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22.     On February 24, 2022, SJI and IIF jointly announced, in relevant part:

**FOLSOM, NJ, and NEW YORK, February 24, 2022** – South Jersey Industries, Inc. (NYSE: SJI) (SJI) and the Infrastructure Investments Fund (IIF), a private investment vehicle focused on investing in critical infrastructure assets, today announced that they have entered into a definitive agreement under which IIF will

purchase SJI for $36.00 per share in cash, reflecting an enterprise value of approximately $8.1 billion.

"As energy markets across the U.S. and New Jersey accelerate the transition toward low carbon and renewable energy, the SJI Board determined that now is the opportune time to join forces with IIF," said Mike Renna, President and CEO, SJI. "IIF is a trusted partner and long-term investor in utility and renewable energy companies, and together we will be well positioned to execute on SJI's clean energy and decarbonization initiatives in support of the environmental goals of our State and region. In addition, as a private company and with IIF's support, we will have additional resources to continue to modernize our critical infrastructure, maintain our high standard of customer service at reasonable rates, and further enhance the safety, reliability and sustainability of our businesses."

Mr. Renna continued, "This transaction is a testament to the achievements of our employees, and we are pleased that IIF recognizes the strength of our workforce and culture and shares our commitment to supporting the communities we serve. I would like to thank each of our employees for all they do each day to contribute to the success of SJI. I look forward to building on our strong foundation together." IIF's long-term approach to investing in utility and infrastructure assets is directly aligned with SJI's mission to "build a better today and tomorrow" for the more than 700,000 families and businesses SJI serves, while continuing to support its 1,100-employee workforce and the communities in which SJI operates. SJI and IIF will work together to advance SJI's sustainability goals while SJI continues to provide excellent customer service, maintains an outstanding team and culture, and delivers on its commitment to improving the quality of life for all those who live and work in the communities it serves.

Andrew Gilbert, Investment Principal to IIF, said, "SJI has established itself as a leader among its peers, distinguished by the strength of its utilities and ability to provide quality service to its customers. SJI's long track record of investing in sustainability and clean energy initiatives has translated into a clear competitive advantage. We believe our expertise, resources and experience can help SJI further build on its leading position in the industry. We have great respect for SJI's talented team and look forward to partnering with them to safely provide clean and reliable energy to the communities of New Jersey."

**Leadership and Headquarters**
Following the close of the transaction, SJI will remain locally managed and operated with headquarters in Folsom, New Jersey. Mike Renna will continue as Chief Executive Officer and the current management team will continue to lead SJI.

**Terms of the Transaction**
The per share purchase price of $36.00 represents a 46.3% premium to SJI's 30-day VWAP as of February 23, 2022, the last trading day prior to the announcement of the agreement. The transaction was unanimously approved by SJI's Board of

Directors and is expected to close in the fourth quarter of 2022, subject to the approval of SJI's shareholders, the receipt of regulatory approvals, including by the New Jersey Board of Public Utilities, and other customary closing conditions. Dividends payable to SJI shareholders are expected to continue in the ordinary course until the closing, subject to approval by SJI's Board of Directors. Upon completion of the transaction, SJI's shares will no longer trade on the New York Stock Exchange, and SJI will become a private company.

**Fourth Quarter and Full Year 2021 Earnings Results**
In a separate press release, SJI today issued its financial results for the fourth quarter and fiscal year ended December 31, 2021, which is accessible by visiting the Investor Relations section of the SJI corporate website at https://investors.sjindustries.com/home/default.aspx. In light of the announced transaction with IIF, SJI will not hold an earnings conference call.

**Advisors**
BofA Securities is acting as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is acting as legal advisor to SJI. Centerview Partners is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to IIF. In addition, IIF has a committed bridge financing facility in place led by KeyBanc Capital Markets and PNC Capital Markets to support the transaction.

## The Proxy Statement Contains Material Misstatements or Omissions

23.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to SJI's stockholders.  The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

24.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the valuation analyses underlying the fairness opinion provided by the Company's financial advisor, BofA Securities Inc. ("BofA"); and (c) potential conflicts of interest faced by Company insiders.

### *Material Omissions Concerning the Company's Financial Projections*

25.    The Proxy Statement omits material information regarding the financial forecasts for the Company including all line items underlying: (a) Revenue; (b) Adjusted EBITDA; (c) GAAP Net Income; and (d) Unlevered Free Cash Flow.

26.    The Proxy Statement also omits: (a) the Company's forecasts prepared by SJI management and shared with IIF and its financial advisor at the December 16, 2021 meeting (*see* Proxy Statement at 53); (b) the Company's forecasts prepared by SJI management and provided to BofA at the January 11, 2022 Board meeting (*see id.* at 54); and (c) the updates made to the Company's forecasts that the Board approved at the February 17, 2022 Board meeting (*see id.* at 55).

***Material Omissions Concerning the Financial Analyses Relied on by the Board***

27.    The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by BofA.

28.    The Proxy Statement describes BofA's fairness opinion and the various underlying valuation analyses.  Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding BofA's work.  As a result, SJI stockholders cannot assess what significance to place on BofA's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

29.    With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Proxy Statement fails to disclose: (a) the Company's estimated earnings per share for fiscal years 2022 and 2023; and (b) the Company's estimated EBITDA for fiscal year 2022.

30.     With respect to BofA's *Discounted Cash Flow Analyses – WholeCo*, the Proxy Statement fails to disclose: (a) the terminal values for the Company; and (b) the inputs and assumptions underlying the discount rates ranging from 4.5% to 5.5%.

31.     With respect to BofA's *Discounted Cash Flow Analyses – SOTP*, the Proxy Statement fails to disclose: (a) the actual unlevered after-tax free cash flows for each of the Utility Segment and Non-Utility Segment during the Company's fiscal years 2022 through 2025 used by BofA in the analyses; (b) each of the Utility Segment's and Non-Utility segment's net income for the year ending December 31, 2025 used to calculate the terminal values; (c) the terminal values for the Utility Segment and Non-Utility Segment; (d) the inputs and assumptions underlying the ranges of discount rates used by BofA in connection with the analyses; and (e) the implied per share values for the Company resulting from the analyses.

32.     With respect to BofA's *Wall Street Analysts Price Targets* analysis, the Proxy Statement fails to disclose the individual price targets and the sources thereof.

***Material Omissions Concerning Potential Conflicts of Interest***

33.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest.

34.     The Proxy Statement fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between SJI directors and officers and IIF, including who participated in all such communications, when they occurred and their content.  The Proxy Statement further fails to disclose whether any of IIF's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

35.     The omission of this information renders statements in the "Forward-Looking Financial Information," "Opinion of BofA Securities," "Additional Interests of the Company's Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

36.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other SJI stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

37.     Plaintiff repeats all previous allegations as if set forth in full.

38.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

39.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness

opinion provided by the Company's financial advisor, and potential conflicts of interest.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

41.     The By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

42.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violation of
### Section 20(a) of the Exchange Act

43.     Plaintiff repeats all previous allegations as if set forth in full.

44.     The Individual Defendants acted as controlling persons of SJI within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of SJI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

47.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of SJI, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, and any vote on the Proposed Transaction, unless and until defendants disclose the material information identified above to SJI stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.


Dated:  April 21, 2022                                      **ACOCELLI LAW, PLLC**

                                                                         By  */s/ Richard A. Acocelli*
                                                                                Richard A. Acocelli
                                                                                33 Flying Point Road, Suite 131
OF COUNSEL:                                              Southampton, NY 11968
                                                                                Tel: (631) 204-6187
**LONG LAW, LLC**                                     Email: racocelli@acocellilaw.com
Brian D. Long
3828 Kennett Pike, Suite 208                        *Attorneys for Plaintiff*
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com